IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES THOMAS LONG, | No. C 10-5761 RS |
| Plaintiff, | **ORDER RE POST-REMAND PROCEEDINGS** |
| v. | |
| INGENIO, INC., | |
| Defendant. | |

The Ninth Circuit has remanded this matter for consideration of plaintiff's "request for leave to amend to add additional parties." The record shows plaintiff represented in a case management conference statement filed on March 24, 2011 that he "anticipate[d]" amending the complaint to name additional parties. Then, in briefing filed on May 12, 2011, plaintiff reiterated a desire to amend to add parties.

At no time prior to entry of judgment five months later, however, did plaintiff ever file a motion for leave to amend his complaint or otherwise present a request for such relief in compliance with the rules. *See* Civil Local Rule 7-1(a) ("Any written request to the Court for an order must be presented by one of the following means . . . .") While leave to amend is routinely granted in the absence of a motion or, even a request, when adjudicating a motion to dismiss, no similar practice or rule calls for a court evaluating a summary judgment motion to consider whether other, unpleaded, claims might be viable, or to grant leave for a plaintiff to pursue them. It is additionally unclear

why plaintiff apparently believed he could not simply file a new action against other parties upon receiving a judicial determination that the party named herein was not liable for the alleged wrongs.

Nevertheless, in light of the mandate from the Ninth Circuit, plaintiff is ordered to file a motion in compliance with Civil Local Rule 7 for leave to amend, if he still wishes to pursue this action. Although the standard for allowing amendments under Rule 15 of the Federal Rules of Civil Procedure is very liberal, relevant considerations include whether there was undue delay in seeking amendment and whether the amendment would be futile. *See Genentech, Inc. v. Abbott Labs.,* 127 F.R.D. 529, 530 (N.D.Cal. 1989). Accordingly, any motion for leave to amend should address the impact of plaintiff's failure to file a such motion at any time during the months prior to entry of judgment.

Plaintiff shall also address whether any time bar might now apply to render amendment futile. Specifically, plaintiff shall show either that claims against new parties would not be time-barred even without benefit of the "relation back" doctrine, or that the prerequisites for application of that doctrine exist here. *See* Fed. R. Civ. P. 15 (c). Any such motion shall be filed within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: 11/15/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2