UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMAS LONG,<br><br>    Plaintiff,<br><br>      v.<br><br>INGENIO, INC, et al.,<br><br>    Defendants. | Case No. 10-cv-05761-RS<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff James Thomas Long, doing business as James Thomas Long Photography, originally brought this putative class action against the wrong party. Although the Ninth Circuit affirmed the entry of summary judgment in favor of that party, the case was remanded to permit consideration of whether plaintiff should be given leave to amend to name another party or parties. Long's post-remand motion for leave to amend was granted, without prejudice to any argument that the claims against the new defendants he named are barred by the statute of limitations or for any other reason.

Defendants now seek summary judgment that the action is time-barred and that the claims fail because plaintiff cannot show a right to monetary or other relief in any event. Long opposes, and also seeks further leave to amend, to add an additional named plaintiff. Although defendants have not shown the actions to be time-barred, their motion for summary judgment will be granted

on grounds that Long lacks a basis to pursue monetary or other relief. The motion for leave to add a different plaintiff will be denied.

**II. BACKGROUND**

Long's original complaint, filed in state court, alleged he was defrauded into signing up for an advertising services program. Long claimed he was promised that he would receive legitimate telephone inquiries from potential customers for his business, and that he would pay a fee based only on the number of such calls received. Long contends that in fact he received numerous "junk calls" through the program, and that he was charged for those calls. The complaint asserted claims for declaratory relief, unfair business practices, false advertising, and unjust enrichment, on behalf of all similarly situated persons. Although the complaint contained generic allegations against fictitiously-named "Doe" defendants, the sole identified defendant was an entity known as Ingenio, Inc.

When removing the action to this court under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), Ingenio specifically stated: "Plaintiff has sued the wrong party. Plaintiff has filed this class action against a Defendant from which it ordered no services." Notice of Removal, Dkt. No. 1, at p. 2. Ingenio went on to explain in some detail the relationships among various AT&T affiliates involved in the business about which Long was complaining, effectively providing Long a roadmap for determining which entities he should be pursuing. To establish the requisite diversity of citizenship supporting removal, Ingenio correctly relied on its own citizenship, but it also noted that diversity would exist had the proper entities been named as defendants.

Summary judgment was granted in favor of Ingenio on grounds it was not the entity that engaged in the acts of alleged wrongdoing set out in the complaint. On appeal, the Ninth Circuit affirmed the disposition as to Ingenio, but remanded the case for consideration of Long's "request for leave to amend to add additional parties." As explained in the Order Re Post-Remand Proceedings (Dkt. No. 56), Long in fact at no time had filed a motion for leave to amend his

complaint or otherwise presented a request for such relief in compliance with the rules. See Civil Local Rule 7-1(a) ("Any written request to the Court for an order must be presented by one of the following means . . . ."). Nor were there otherwise circumstances under which the Court had a duty to consider whether other, unpleaded, claims might be viable, or to grant leave for Long to pursue them.

Nevertheless, in light of the remand order, Long was directed to submit a motion for leave to amend, which he did, and which was granted. Accordingly, defendants to the present complaint are YP Western Directory LLC and YP Advertising LP, which have been merged with and into the entity now known as YP Advertising & Publishing LLC, and Yellowpages.com LLC ("Yellowpages.com") (collectively, "defendants").

### III.  SUMMARY JUDGMENT STANDARDS

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (citations and internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which he bears the burden of proof at trial. *Id.* at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth

material facts, *i.e.*, "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

The court must draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) (*citing Anderson*, 477 U.S. at 255); *Matsushita*, 475 U.S. at 588 (1986). It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## IV. DISCUSSION

A. Statute of Limitations

In response to defendants' arguments that all of his claims are time-barred, Long argues his amended complaint "relates back" to his initial filing, the timeliness of which is unchallenged. Under Rule15(c)(1)(C) of the Federal Rules of Civil Procedure, for the amendment to relate back to the filing date of the action, Long must show, among other things, that (a) defendants "received such notice of the action that [they] will not be prejudiced in defending on the merits"; and, (b) defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."

While defendants do not dispute that they received notice of this action from the outset, they argue that Long made no "mistake" within the meaning of the rule when he initially named Ingenio as the sole defendant. The record, however, conclusively demonstrates that Long made a mistake in naming Ingenio, and moreover, that defendants knew that the action would have been brought against them but for that mistake. As noted, Ingenio's notice of removal, filed by the same counsel now representing defendants, expressly pointed out "Plaintiff has sued the wrong party" and went on to identify who the right parties were. The notice of removal even went so far as taking the step of showing that diversity would still exist were the correct parties to be named.

Ingenio obtained summary judgment, affirmed by the Ninth Circuit, because the evidence showed that it "simply is not the 'defendant' alleged in the complaint to have engaged in the various acts for which Long seeks to impose liability." Dkt. No. 42 at p. 6; See also Ninth Circuit Memorandum decision at p. 3 ("Put simply, Long has sued the wrong party, and all of his claims against Ingenio fail as a matter of law.") At the time Long filed the original complaint, he plainly believed that Ingenio was the "defendant" with which he had contracted and which had allegedly committed wrongful acts. That mistake in identity is exactly the kind of error to which Rule 15(c)(1)(C) applies. *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549 (2010) ("The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression.")

Defendants nevertheless argue that Long's naming of Ingenio was an intentional choice, not a mistake. As support, defendants point to Long's dogged pursuit of Ingenio through summary judgment and appeal, even after the error was brought to his attention. It certainly is true that upon receiving clear evidence that Ingenio was not the party described as "defendant" in the complaint, Long failed to take reasonable steps to pursue his claims by (1) filing a motion or stipulation for leave to amend to name the parties who actually engaged in the acts described in the complaint, and/or (2) filing a motion or stipulation for leave to amend to allege any *other* basis

for liability against Ingenio, in the event Long had a good faith basis for doing so.[1]  Long's stubborn refusal to accept his mistake, however, does not mean it was not a mistake.

As *Krupski* makes clear, the focus of the inquiry is *not* on the plaintiff's knowledge or state of mind, but on whether the prospective *defendant* "knew or should have known that, absent some mistake, the action would have been brought against him." 560 U.S. 538, 549 (2010).  Here, defendants plainly knew and understood that Long had named Ingenio by mistake.  The Court knew it was a mistake, and the Ninth Circuit knew it was a mistake.  The fact that Long failed to acknowledge the mistake after the fact, does not transform it into a deliberate choice.  Accordingly, the relation-back principle of Rule15(c)(1)(C) forecloses defendants' contention that this action is time-barred.[2]

### B. Monetary Relief

The complaint advances claims for relief under Cal. Bus. & Prof. Code § 17200 ("Unfair & Deceptive Business Practices ") and Cal. Bus. & Prof. Code §17500 ("False Advertising") as well as a claim for "unjust enrichment."   There is no dispute that the only monetary relief available under such claims is restitution.

Defendants have shown that Long indisputably never paid anything for the services at issue.  Long does assert he attempted to mitigate his damages by registering his service mark, and

---

[1] The order granting summary judgment observed:  [T]he arguments Long advances are all premised on the notion that he might be able to state claims against Ingenio even though it has shown as a matter of undisputed fact that the allegations of his complaint are all actually referring to the conduct of a different entity.  A plaintiff may not avoid summary judgment by relying on claims not pleaded in the complaint. [Citation]." Dkt. No. 42 at p. 6.

[2] Long argues that regardless of the application of Rule15(c)(1)(C), there is evidence of ongoing wrongful conduct by defendants within the limitations period.  Long points to correspondence he received from a third party collection agency in 2013, and to a form email from defendants addressed to him as a "valued customer," implying he was still participating in the advertising program.  Long's claims, however, arise from the underlying transactions, not from any third party collection efforts or from what appears to have been an erroneously-generated email long after he was no longer participating in the program.  Accordingly, it appears doubtful that Long could show any kind of continuing violation that would render his claims timely absent relation-back.  Long's other arguments regarding potential tolling under California law need not be reached.

that he incurred costs in doing so, as well as in purchasing postage when he cancelled his contract with defendants by certified mail. While Long argues those incurred costs give him a personal stake in this litigation, he does not suggest they would be recoverable as restitution. As the undisputed facts show that Long paid nothing to defendants that would support a restitution claim, and damages are not otherwise available, defendants are entitled to summary judgment on Long's claims for monetary relief.

### C. Declaratory or Injunctive Relief

Long's complaint also seeks declaratory and injunctive relief, under the statutory claims and in a free-standing claim for declaratory relief. Defendants, however, have shown that:

> (a) as noted, Long never paid for the advertising;
>
> (b) they ceased collection efforts in 2011 (although a third-party collections firm apparently wrote a collections letter to Long in 2013),
>
> (c) they ultimately wrote off all of Long's unpaid charges in January 2015; and
>
> (d) Long has not had any sort of commercial relationship with defendants (or their predecessors) since at least 2011.

Based on these facts, defendants argue they have no existing and present controversy with Long for which he may seek declaratory or injunctive relief. In opposition, Long complains that defendants are attempting to "pick off" a class representative in a manner akin to that rejected in *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1091 (9th Cir. 2011). In *Pitts*, unlike here, the putative class representative held a claim for monetary relief, which defendant attempted to render moot by making an offer of judgment under Federal Rule of Civil Procedure 68, in an amount providing full compensation. *Id.* at 1085 (9th Cir. 2011). While concerns similar to those raised in *Pitts* might arise even in the absence of monetary claims, Long has not shown that there is an existing controversy that he should be permitted to pursue pending class certification, under all the circumstances here. In the absence of any ongoing relationship between the parties, or any

1  monetary claims by plaintiff against defendants, or by defendants against plaintiff, there is no

2  case or controversy to be adjudicated, and the mere fact that Long has advanced class allegations

3  does not support continued jurisdiction.

D.  Leave to Amend

After his opposition to the summary judgment motion was filed, Long noticed a motion for leave to amend to add an additional named plaintiff.[3]  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182. *See also Smith v. Pacific Properties and Development Co*, 358 F3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).  That said, a motion for leave to amend "is not a vehicle to circumvent summary judgment," *Schlacter–Jones v. Gen. Tel. of Cal*., 936 F.2d 435, 443 (9th Cir. 1991).[4]

Although Long is not directly responsible for all of the time that has elapsed as this action has wended it way through multiple rounds of motion practice and an appeal, it was ultimately his failure to comply with the local rule requiring leave to amend to be sought by stipulation or a noticed motion which led to the prolonged proceedings.  Against this backdrop, the effort to avoid

---

[3]  The motion also seeks amendment to identify the successor defendant entities by their present names.  Defendants do not challenge that portion of the amendment, and it would be allowed were it otherwise appropriate to grant the motion.

[4] The motion for summary judgment brought by Ingenio at the outset of this action presented a rare exception to this principle.  Had Long filed a motion for leave to amend at that juncture, much of what followed would have been avoided.

summary judgment through amendment comes too late.  Although in a sense this matter could be characterized as still in its early stages, the prejudice to defendants of effectively starting over with a new plaintiff in a case of this vintage is manifest.

Justice also does not require that leave to amend be given in the circumstances here because, according to Long, the proposed new plaintiff's claims will not be barred by the statute of limitations absent amendment.  While under other circumstances there might be efficiencies or additional advantages to permitting a new plaintiff to proceed in an old case, none are compelling here.[5]  Accordingly, the motion for leave to amend will be denied.

**IT IS SO ORDERED**.

Dated: August 11, 2015

RICHARD SEEBORG
United States District Judge

---

[5] Long contends that under *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) substitution of plaintiffs *must* be allowed in a class action where the named plaintiff's claim has become moot.  Although dicta in *Lierboe* and holdings of other cases support such substitution in appropriate circumstances, Long has pointed to nothing that suggests it is mandatory under facts like those presented here.  *Compare*, *Hensley-Maclean v. Safeway, Inc.*, No. 11-CV-01230-RS, 2015 WL 3956099, at *3 (N.D. Cal. June 29, 2015) (permitting substitution of plaintiffs where no compelling arguments of undue delay or prejudice were present).